# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JASON SCOTT SMITH,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 18-393-RAW-KEW |
| | ) |
| **JOHN O'CONNOR,** | ) |
| **Oklahoma Attorney General,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is challenging the execution of his sentence in Washington County District Court Case No. CF-2010-02 for Lewd Molestation. At the time he filed this petition, he was incarcerated at Jim E. Hamilton Correctional Center in Hodgen, Oklahoma, which is located within the Eastern District of Oklahoma. According to the DOC offender website, Petitioner currently is located "outside." *See* https://okoffender.doc.ok.gov/. His current address is in Port Ritchey, Florida.

Petitioner raises three grounds for relief:

I. Ineffective assistance of counsel

II. Denial of street-time credits

III. Abuse of discretion by state district judge

Respondent has filed a response to the petition, alleging Petitioner's claims are timely,

however, all are barred from federal habeas relief. (Dkt. 24 at 5).

The petition relies on Petitioner's attempts to be credited with the 910 days he was on probation--the period between the time he first was released from prison and the time he was forced to return upon revocation to serve the remainder of the sentence. The record shows the following history of Petitioner's case:

On April 16, 2010, Petitioner, represented by counsel, pleaded guilty to Lewd Molestation. (Dkt. 24-1 at 3). Petitioner admitted to touching the vaginal area and "feeling the private parts" of a girl under the age of 16 years. *Id.* at 5. He was sentenced to ten years in prison, five of which were suspended. (Dkt. 24-2).

After being released to serve probation on May 28, 2014, Petitioner committed numerous violations of the suspended five-year portion of his ten-year sentence. He admitted using methamphetamine within a year, and by the next year he was using marijuana, both on multiple occasions. He also never completed any community service hours, was not paying his probation fees, was not complying with requirements to take polygraph examinations, and had stopped attending his sex offender treatment classes after late February 2016. All of these infractions violated Petitioner's conditions of release. (Dkt. 24-3).

On September 20, 2016, the State sought to revoke the five years remaining on Petitioner's ten-year prison sentence based upon the above violations. (Dkt. 24-4). On October 5, 2016, Petitioner and his counsel signed a waiver of the state's 20-day time limit in which a hearing on the application to revoke must be held, informing the trial court that

Petitioner had discussed the matter with counsel and believed such a waiver was "in [his] best interests." (Dkt. 24-5).

On December 21, 2016, the trial court revoked the remaining five years of Petitioner's sentence. (Dkt. 24-6). On that day, Petitioner entered a blind stipulation in the trial court, admitting that he committed all of the alleged violations of his suspended sentence (Dkts. 24-7, 24-8). Petitioner requested that the trial court impose only a partial revocation of six months for the violations, while the prosecution asked for a full revocation of five years. (Dkt. 24-7). Above his signature on his stipulation, Petitioner was notified of his right to directly appeal the trial court's eventual decision on his revocation to the Oklahoma Court of Criminal Appeals (OCCA), with instructions on how to file an appeal. (Dkt. 24-8). Petitioner, however, did not file a direct appeal of the revocation order.

Instead, on January 23, 2017, he filed a motion in the state district court to modify his sentence. (Dkt. 24-15). On March 13, 2017, the motion was denied pursuant Okla. Stat. tit. 22, § 982a(A), because modification of the sentence would not be "in the best interest of the public." (Dkt. 24-16).

On May 3, 2017, Petitioner filed in the state district court an appeal of the order denying sentence modification, again raising the issue of his street time. (Dkt. 24-17). Before a ruling was issued, the trial court received a letter from Petitioner on July 3, 2017, claiming there was a mistake in his dates on his "j and s" (Judgment and Sentence). (Dkt.

3

24-18).[1]  This letter asserted his discharge date should be earlier than stated. *Id.* On July 11, 2017, the district court judge wrote on Petitioner's letter that the request was denied and that Petitioner had violated probation, so he was revoked on December 21, 2016, and the sentence ran until April 18, 2020. *Id.*[2]

On July 20, 2017, Petitioner sought post-conviction relief in the state district court, again alleging there was a typed error in his Judgment and Sentence. (Dkt. 24-10). On January 17, 2018, Petitioner filed in the state district court a second application for post-conviction relief, alleging he was not given his street time, and his attorney was ineffective. (Dkt. 24-9). Also on January 17, 2018, he filed in the district court a "Notice of Intent to appeal out of time on a Revaction [sic] of a suspended sentance [sic]." (Dkt 24-19). On January 19, 2018, Petitioner filed in OCCA Case No. PC-2018-66 an "Appeal Out of Time On a Revactation [sic] of Suspended Sentance [sic] with no new charge." (Dkt. 24-21). Petitioner's allegations in both courts were that he had not been credited for his "street-time" and that the trial court's revocation order forcing him to serve the remaining five-year prison sentence impermissibly lengthened his punishment. Further, Petitioner alleged he had

---

[1] Respondent points out that there is no such mistake. The Judgment and Sentence correctly stated that Petitioner pleaded guilty and was sentenced to ten years imprisonment for his crime with five years suspended in accordance with the rules and conditions of probation.

[2] This response was incorrect in that Petitioner was required to serve his remaining sentence until 2021, not 2020, or five years from the time he was revoked.

ineffective counsel who did little to help him during the revocation proceedings.[3]

On July 2, 2018, the state district court denied Petitioner's applications for post-conviction relief, finding there was no merit in his propositions and that the applications attempted to put forth propositions that could and should have been raised in a state direct appeal of the revocation, but were not. (Dkt. 24-11). On July 20, 2018, Petitioner appealed the denial of post-conviction relief to the OCCA, raising his claims of ineffective assistance of counsel and "street time." (Dkts. 24-12, 24-13). Petitioner's raised two ineffective assistance arguments: (1) that he did not understand the consequences of signing the stipulation to his probation violations, making the document he signed involuntary; and (2) that he was never "told about his appeal" by his attorney. (Dkt. 24-12 at 9). Petitioner also again insisted the trial court was incorrect in calculating his remaining prison sentence. *Id.* at 6).

During this appeal to the OCCA, Petitioner filed a "Motion to Supplement the Record and Application for Evidentiary Hearing With Affidavit Attached." (Dkt. 24-13). This "affidavit" by Petitioner set forth additional complaints about his counsel and the district court judge as follows:

1. Counsel failed to advise counsel of his right to appeal or the consequences of signing anything.

---

[3] On January 22, 2018, the OCCA declined to assume jurisdiction of his appeal and dismissed the matter, because Petitioner had not complied with procedural rules requiring a certified copy of the trial court's order denying him relief. (Dkt. 24-22 at 3).

5

   2. Counsel informed Petitioner he would receive only six months in the Washington County Jail for his probation violations, but the trial judge was in a "bad mood" and revoked his sentence in full without any street time, thereby increasing its length.

   3. Counsel had knowledge of the trial judge's "harsh behaviors" but failed to protect Petitioner by ensuring he was given six months in some intermediate facility for his probation violations instead of full revocation.

   4. Counsel failed to consult with Petitioner and explain matters to him before he signed a blind plea. Petitioner thus could not make an informed decision.

   5. Counsel "did not act in the best interests of her client."

   6. Petitioner received tardy responses from the State during his litigation. Petitioner parenthetically asserts the district judge got dates incorrect in his order denying post-conviction relief, made several false statements, and recently left the bench over allegations over abuses of power. (Dkt. 24-13 at 2-4).

   On November 16, 2018, the OCCA affirmed the denial of post-conviction relief in Case No. PC-2018-746 (24-14), finding as follows:

> We do not reach the merits of Petitioner's claims because the issues could have been raised in a revocation appeal. Okla. Stat. tit. 22, § 1086; *Fowler v. State*, 896 P.2d 566, 569 (Okla. Crim. App 1995). All issues that could have been raised in a previous appeal proceeding but were not are waived, and may not be the basis of a post-conviction application. *Id.* The Post-Conviction Procedure Act is not a substitute for a revocation appeal, nor is it intended as a means of providing a petitioner with a second revocation appeal. *Id.*
>
> Petitioner has failed to establish entitlement to any relief in this post-conviction proceeding. Petitioner's propositions of error could have been

> raised in a revocation appeal, and are thus waived. *Id.* He has not established sufficient reason for not asserting or inadequately raising his current grounds for relief in a revocation appeal. *Id.* Therefore, the order of the District Court of Washington County, denying Petitioner's application for post-conviction relief in Case No. CF-2010-2 should be, and is hereby, **AFFIRMED**.

(Dkt. 24-14 at 2).

Petitioner's motion to supplement the record purporting to set forth other allegations was granted, but the OCCA denied Petitioner's concurrent motion for an evidentiary hearing on all his claims. Thus, all of the claims were before the OCCA and all were rejected as procedurally waived and barred from review. (Dkt. 24-14 at 2).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

> A claim has been exhausted when it has been "fairly presented" to the state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Fair presentation" requires more than presenting "all the facts necessary to support the federal claim" to the state court or articulating a "somewhat similar state-law claim."

7

> *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). "Fair presentation" means that the petitioner has raised the "substance" of the federal claim in state court. *Picard*, 404 U.S. at 278. The petitioner need not cite "'book and verse on the federal constitution,'" *id*. (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)), but the petitioner cannot assert entirely different arguments from those raised before the state court.

*Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2009).

"[A] federal court may not review federal claims that were procedurally defaulted in state court--that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, __ U.S. __, 137 S.Ct. 2058, 2064 (2017). "A state procedural rule is 'adequate' if it is firmly established and regularly followed." *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008). "A state procedural default is 'independent' if it relies on state law, rather than federal law." *Id. See also Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998). To overcome a procedural bar, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.*" Coleman*, 501 U.S. at 750 (1991).

A federal court also does not have the authority to review unexhausted habeas claims that would be barred if the petitioner returned to state court to exhaust them. *Anderson v. Sirmons*, 476 F.3d 1131, 1139 (10th Cir. 2007); *see also Grant v. Royal*, 886 F.3d 874, 892 (10th Cir. 2018). An "'[a]nticipatory procedural bar' occurs when the federal courts apply [a] procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson*, 476 F.3d at 1139 n.7

8

(quoting *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002)). *See also Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007). As with a procedural bar arising under the adequate and independent state grounds doctrine,

> [t]here are two circumstances where a federal court may nevertheless consider claims subject to an anticipatory procedural bar: (1) if the prisoner has alleged sufficient "cause" for failing to raise the claim and resulting "prejudice" or (2) if denying review would result in a fundamental miscarriage of justice because the petitioner has made a "credible" showing of actual innocence.

*Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014) (citations omitted).

Respondent maintains that Petitioner's three grounds for relief are barred from federal habeas corpus review. According to Respondent, Petitioner has exhausted all but one of his claims in Grounds I and II, however, he has exhausted none of his claims in Ground III. The exhausted claims now are barred from review by this Court, and the unexhausted claims may be denied by applying an anticipatory bar.

**Ground I**

In Ground I, Petitioner alleges counsel at his revocation hearing was ineffective because she (1) failed to give proper advice before stipulating to the application, (2) did not thoroughly investigate the case, (3) was not appointed until after he signed the 20-day waiver of revocation hearing, (4) did not advise of the right to appeal at any time, (5) informed him that he would be sanctioned only six months in an intermediate revocation facility, and (6)

knew of the trial judge's alleged inappropriate behavior in the courtroom.[4] (Dkt. 1 at 5). Only the claim concerning the 20-day waiver of revocation hearing is unexhausted.

The record shows that these claims of ineffective assistance of counsel, except the allegation of untimely appointment of counsel, were raised in Petitioner's application for post-conviction relief. (Dkt. 24-9). The state district court denied relief, finding no instances of a constitutional violation and that Petitioner had waived any other propositions or arguments that were not presented in a direct appeal pursuant to state procedural rules. (Dkt. 24-11 at 18). On post-conviction appeal, the OCCA refused to review Petitioner's ineffective assistance of counsel claims, even after granting his motion to supplement the record, because the claims had been waived by not being raised in a revocation appeal. (Dkt. 24-14).

The Tenth Circuit Court of Appeals has held that "Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground" barring federal habeas corpus review. *Sherrill v. Hargett*, 184 F.3d 1172, 1175 (10th Cir. 1999); *see also Threat v. Laymon*, 311 F. App'x 132 (10th Cir. 2009) (upholding Oklahoma's procedural bar to claims not brought on revocation appeal). Thus, Petitioner's claims are procedurally barred by Oklahoma's rule that such

---

[4] Respondent asserts Petitioner is referring to the August 2018, resignation of the state district judge in his case. Petitioner has attached a copy of the letter he received from the Oklahoma Council on Judicial Complaints declining to hear Petitioner's complaints for lack of jurisdiction. (Dkt. 1 at 22). Petitioner, however, does not set forth anything specific to his case that was raised to the Council.

claims must be raised on direct appeal or be waived.

Respondent does not waive exhaustion. Therefore, the unexhausted claim concerning the alleged untimely appointment of counsel is subject to an anticipatory bar, because even if Petitioner were to try to exhaust it, the state court would bar the claim. *See Anderson*, 476 F.3d at 1139 n.7. Petitioner would have to raise the claim in a subsequent post-conviction application where he would be unable to show why he could not have raised the claim in the earlier proceedings. The OCCA, therefore, would find Petitioner had waived the opportunity to have this ineffective assistance of counsel claim heard. The Court thus finds that all of the claims in Ground I are procedurally barred from habeas corpus review.

The Court further finds that Petitioner has not shown cause or actual prejudice for his default, or that a fundamental miscarriage of justice will result if his claims are not reviewed. "'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Petitioner claims he was not informed that he could file a direct appeal, and his counsel did not advise him of this right. (Dkt. 1 at 6). "[A]n ineffective-assistance claim can

11

serve as cause to excuse a procedural default only if that claim is not itself procedurally defaulted." *Wilson v. Allbaugh*, No. 737 F. App'x 413, 417 (10th Cir. Jun. 6, 2018) (citing *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In other words, Petitioner must show both cause and prejudice for a defaulted claim before it may be used to overcome a procedural bar in this Court. Thus, Petitioner must prove that his trial counsel deficiently performed by not advising him about a direct appeal and that the prejudice he supposedly suffered as a result was an external factor wholly unattributable to him.

The Judgment and Sentence on Petitioner's revocation clearly indicates he was advised of his right to appeal. (Dkt. 24-6 at 2). The stipulation that Petitioner signed contains a paragraph entitled "Notice Of Right To Appeal." (Dkt. 24-8). Petitioner's signature is directly beneath it, as is his attorney's. *Id*. This shows Petitioner clearly was advised he could file a direct appeal, but he did not. Thus, there was nothing "external" to Petitioner that caused the default. The reason a direct appeal was not filed in Petitioner's case appears to be unrelated to Petitioner's counsel, instead, it concerned Petitioner's choices. Again, these circumstances were not "external" to Petitioner and cannot be considered as "cause." Petitioner had full knowledge of his right to file a direct appeal on the day his suspended sentence was revoked. The Court finds Petitioner cannot show "cause" or the required "actual prejudice."

Procedural default can be overcome if the petitioner can "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S.

at 750. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). The Tenth Circuit has explained this "very narrow exception" as follows:

> [T]he petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner to relief but instead serves as a "gateway" that then entitles the petitioner to consideration of the merits of his claims. In this context, factual innocence means that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.

*Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997) (internal citations omitted).

Petitioner has filed an "objection" (Dkt. 28) to Respondent's response to the petition (Dkt. 24), which the Court construes as a reply to the response. The reply, however, merely reiterates the arguments in his petition and fails to present any argument showing cause or actual prejudice for his default, or that he is factually innocent. Therefore, Ground I of the petition is barred from habeas corpus review.

**Ground II**

In Ground II, Petitioner again raises his claim that he was wrongfully denied "street time credits" amounting to 910 days because of the state district court judge's behavior. Petitioner asserts he could have been granted a lesser sanction than full revocation. (Dkt. 1 at 7). Respondent alleges this claim has been exhausted, however, it is procedurally barred.

As discussed above, Petitioner never filed a direct appeal of his revocation order

during the time he was permitted to do so. He later raised this claim as part of a post-conviction proceeding in state court which was denied by the trial court. (Dkt. 24-11 at 2-3). The claim also was raised in a post-conviction appeal, however, the OCCA refused to hear the claim because it had not been raised on direct appeal and thus was waived. (Dkt. 24-14 at 2). Consequently, Petitioner's claim in Ground II is procedurally barred from federal habeas corpus review. *See Sherrill v. Hargett*, 184 F.3d 1172, 1175 (10th Cir. 1999) ("Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground" that bars federal habeas corpus review).

Petitioner attempts to show "cause" for overcoming the state procedural rule by claiming he was "not informed" of the right to file a direct appeal, and his trial counsel never advised him of his right to do so. (Dkt. 1 at 7). The OCCA, however, refused to review Petitioner's assertions of ineffective assistance of counsel in his post-conviction application, because the claims were waived. (Dkt. 14 at 2). Therefore, all of Petitioner's attempts to present these claims were procedurally defaulted in the state courts.

As shown above, Petitioner knew of his direct appeal rights the day he was revoked, and he signed his name below a paragraph informing him of such, next to his attorney's signature. *Id.* Under these facts, Petitioner cannot show that he did not file a direct appeal because he did not know or that counsel had never advised him. Further, these same facts demonstrate nothing "external" to Petitioner can overcome the procedural bar. He cannot

14

show cause and prejudice to lift the bar, *see Coleman*, 501 U.S. at 750, and he has presented nothing to show a "miscarriage of justice, which requires strong evidence of his actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Therefore, Petitioner cannot overcome the procedural bar to review his claims, and Ground II must be denied.

**Ground III**

In Ground III, Petitioner alleges the state district judge violated his constitutional rights by (1) not appointing counsel prior to Petitioner's signing the 20-day waiver form, (2) not permitting Petitioner to call witnesses in a hearing, and (3) not exercising sound professional judgment by lowering the sanction to placement in an intermediate facility or community sentencing. (Dkt. 1 at 8). Respondent asserts the claims in Ground III are unexhausted.

Petitioner contends he was unaware of the state district judge's "unusual courtroom behaviors" until the judge resigned in August 2018, and Petitioner received a response to his judicial complaint. (Dkt. 1 at 9). The record does not indicate the information that Petitioner provided to the Council on Judicial Complaints, however, the response indicated that his complaint was being dismissed for lack of jurisdiction because the judge had resigned, and the judge was "forever barred from seeking or accepting any elected judicial position in Oklahoma." (Dkt. 1 at 22).

Respondent asserts that as with the unexhausted claim in Ground I, all of Ground III is procedurally barred and subject to an anticipatory bar. If Petitioner were to return to state

court through another post-conviction application, the issues in Ground III would be deemed waived by the state district court, and the OCCA would affirm that decision. *See Cannon v. Gibson*, 259 F.3d 1253, 1266 (10th Cir. 2001) (upholding OCCA's waiver rule for claims not raised in an initial application for post-conviction relief). Because Petitioner's claims were not raised in the initial post-conviction application, they would be barred in a subsequent post-conviction application. Therefore, an anticipatory bar would be appropriate to preclude review. *Anderson*, 476 F.3d at 1139 n.7; *Cummings*, 506 F.3d at 1222-23. Further, because Petitioner cannot establish "cause and prejudice" or a fundamental "miscarriage of justice," this Court must deny Ground III pursuant to the anticipatory bar. *See Anderson*, 476 F.3d at 1139.

Petitioner attempts to get over the "cause" and "actual prejudice" requirements by showing he could not have known about the judge's "unusual courtroom behaviors" earlier. (Dkt. 1 at 9). Petitioner's "cause" for not bringing this issue to light earlier, however, is itself a claim that has been defaulted in the state courts. Therefore, Petitioner must demonstrate "cause and prejudice" concerning his knowledge about the district court judge's "unusual" behaviors or demonstrate a "miscarriage of justice" sufficient to overcome the procedural bar in this Court. *Edwards*, 529 U.S. 451.

All three of Petitioner's issues in Ground III concern the disposition of the judge who presided over his revocation hearing, and Petitioner had the opportunity to raise these allegations earlier. He did not need the letter from the Council on Judicial Complaints to

16

recognize how the judge behaved at his revocation proceedings. Petitioner knew how he was treated in the courtroom, experienced all his revocation proceedings and how they transpired, waived the opportunity to directly appeal the revocation, and did not raise these allegations in his post-conviction application. Nothing that Petitioner learned at a later date proves that he was impeded from complying with any state procedural rule. Therefore, he cannot show any legal "cause." Nor can be show any prejudice, because none of his accusations are connected to any deficiency in the proceeding. Petitioner blindly stipulated to the allegations in the revocation application and was assessed the maximum punishment. (Dkts. 24-7, 24-8). In addition, Petitioner has not shown that his sentence actually was adversely affected by the judge.

Petitioner also has failed to establish a fundamental miscarriage of justice. He is only attacking the length of his sentence and makes no challenge to his convictions. Therefore, he has not attempted to show he is actually innocent of his crime. Further, none of what Petitioner alleges about his revocation hearing demonstrates new evidence of a constitutional error that shows his innocence of the crime to which he pleaded guilty. Thus, this Court may apply an anticipatory bar to deny Ground III of the petition.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**,

1. Petitioner's "objection" (Dkt. 28) to the Respondent's response to the petition (Dkt. 24) is construed as a reply to the Respondent's response to the petition.

2. Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED.

3. Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 29th day of March 2022.

*/s/ Ronald A. White*

Ronald A. White
United States District Judge
Eastern District of Oklahoma